Gaston, Judge.
# The first exception taken by the defendant in this case is because of the admission on the trial of irrelevant and improper testimony. This exception was argued by his counsel upon the assumption that the judge had received all the testimony which the Solicitor General prayed leave to introduce. We were satisfied upon the statement of the case in the transcript that such could not have been the fact, but as the statement seemed to involve some inconsistency, probably the result of clerical inaccura. cy, we have caused the transcript to be compared with the original record, and upon that examination find that his Honor declared that the rule of law excluded (not included as was set forth in the transcript) all the evidence of what occurred before Bennett undertook to assist Curry, and also excluded all the evidence offered of. what took place between Bennett and Lindsay after the execution of the conveyances by Curry, and after the surrender of the deeds of trust and evidences of debt by Bennett and Lindsay. We have caused the transcript to be amended accordingly. It now distinctly appears, what before the Court understood to appear, that the evidence admitted, which is the subject of this exception, was confined to the circumstances attendant on and explanatory of the alleged sale by Curry to Bennett, under which the latter pretended that he had possession, and Curry only the c&re of the property conveyed by it. To this evidence we can see no valid objection. We perfectly agree with the Judge that the guilt or innocence of the persons charged in respect to the offences described in the indictment did not depend upon the question whether Curry had the right to the property, or the right to its possession ; but whether he had in fact the possession thereof at the time when that possession was charged to have been invaded with such lawless violence. If the house broken into were occupied by him as his dwelling house, and the goods *50 forcibly wrested were held by him as his goods, and the evidence brought home to the accused the violence charged, it cannot be doubted but that the peace of the State was outrageously violated, and that the accused were guilty of the riot and trespass charged upon them. We are of opinion therefore that there was no error in the conviction of which the- defendant complains. We think however that there are objections to the judgment rendered upon the conviction. This was not a conviction of the offence of a forcible entry and detainer, much less of that offence under the statutes. The indictment does not charge an expulsion from the house, and a withholding, of the possession thereof up to the time of the’ finding of that indictment, nor set forth the interest of the prosecutor in the house from which he was expelled. The conviction therefore did not warrant a writ of restitution. Rex v. Bake, 3 Bur. 1732. Rex v. Wilson. 8 Term 358. Hawkin’s Pleas of the Crown, Book 1, ch. 28, sec. 41. So on a conviction for a nuisance, unless the indictment set forth the nuisance as still in existence, there can not be judgment to abate it. The King v. Stead, 8 Term 142.
The prac-lías Te”0*1 ■vailed to tent in ais flieürigfm" fines with that°V they diminished altogether1 upon matter to*^" done or the Court soncon-61" illegal’ia
We are also of opinion, that it was irregular to annex to the sentence any condition for its subsequent remission. We know that a practice has prevailed to some extent of inflieting fines with a provision that they should be diminish-e(* or remitted altogether upon matter thereafter to be done, or shown-to the Court by the person convicted. But we can find no authority in law for this practice, and feel our-se^ves bound, upon, this first occasion when it is brought judicially to our notice, to declare it illegal. A judgment though pronounced by the Judge is not his sentence but the sentence of the law. It is the certain, and final conclusion of ^aw following upon ascertained premises. It must therefore be unconditional. When it has been rendered — except that during the term in which it is rendered it is open for reconsideration — the Court have discharged their functions, and have no authority to remit or mitigate the sentence of the law. Hawkin’s, Book 2d, ch. 48, sec. 25. 1 Institutes, 260. King v. Wingfield, Cro. Car. 251. This is one of the high powers of the executive.
where the to'the8'*03 Judges a discretion over the of finishment> propriety thePsem theavowed purpose^of to the con-opportuni-^¿uXon3 to the per-uariy ag-U" f ¡^fence -or to redress its mischievous public consequences, and when judgment is to be pronounced, the use which has been made of such op-¡^yery1^ proper to be consid-®{e<l by the cise of that discretion.
In cases where the law gives to the Judges a discretion over the quantum of punishment, they may with propriety suspend the sentence for the avowed purpose of affording to the convicted an opportunity to make restitution to the person peculiarly aggrieved by his offence, or to redress its mischievous public consequences. And when judgment is to be pronounced, the use which has been made of such op-
• • ,1 . , , , , ... . ,1 portumty is very proper to be considered by the Court m the exercise of that discretion. Practically therefore every salutary effect of these provisional judgments is attainable without a departure from the forms of law. But if it were not, no considerations of expediency, or of supposed public convenience, can justify a departure from these, which are among the strong safeguards of public right and private security.
The judgment which has been rendered against the defendant is therefore reversed, and this opinion is to be certified to the Superior Court of law for the county of Guilford, with directions to award sentence-of fine or of fine and imprisonment against the defendant ‘ agreeably thereto and to the laws of the State.
Per Curiam. ■ Judgment reversed. °